Lacy H. ("Lance") Koonce, III
Klaris Law PLLC
430 West 14th Street
New York, NY 10014
(917) 612-5861
lance.koonce@klarislaw.com

*Attorneys for plaintiff Anukriti Goswami*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANUKRITI GOSWAMI,<br><br>  Plaintiff,<br><br>v.<br><br>SWEET REASON US CO., HILARY MCCAIN, SOCALI MANUFACTURING, INC. and THE CANN + BOTL COMPANY,<br><br>  Defendants. | Civ. Action No.<br>_____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Anukriti Goswami, through her attorneys, Klaris Law PLLC, hereby pleads the following for her Complaint against Defendants Sweet Reason US Co. ("Sweet Reason"), Hilary McCain ("McCain"), Socali Manufacturing, Inc. ("CANN") and The CANN + BOTL Company ("CBC", together with Socali, "CANN") (collectively, "Defendants"):

### NATURE OF ACTION

1. Anukriti Goswami is a professional photographer who was engaged in 2020 by Sweet Reason, a cannabis beverage company, to create a series of photographs for Sweet Reason's use on social media only for no more than twelve months.

2. After expiration of this license, Sweet Reason, its principal McCain, and its successors-in-interest CANN and CBC continued to exploit the photographs not just on social media, but on the Sweet Reason website and in connection with advertising and promotion.

3. As a result, Defendants have infringed upon Ms. Goswami's copyright interests and continue to do so today. Each of the unlicensed uses constitutes willful copyright infringement by Defendants.

4. This Action seeks (a) a permanent injunction requiring Defendants to cease using the Photographs; (b) an accounting of Defendants' profits from the infringing uses of the Photographs; (c) an award of compensatory and/or statutory damages, as appropriate, in an amount to be established at trial; and (d) an award of reasonable attorneys' fees, plus costs and disbursements.

**PARTIES**

5. Plaintiff Anukriti Goswami is a professional photographer residing in Toronto, Canada. She is the owner of Anukriti Creatives Inc., which acts on behalf of Ms. Gowami to license her rights in photographs that she authors and owns.

6. Upon information and belief, Sweet Reason is a corporation incorporated under the laws of Delaware with its principal place of business at 95 St. Clair Avenue West, #200, Toronto, Canada. Sweet Reason produces or produced at relevant times a line of sparkling hemp-infused beverages, which is or was at relevant times available in retail stores across California, Illinois and New York.

7. Upon information and belief, McCain is an individual residing at 24 Fennings Street, #320, Toronto, Canada, and is or was at relevant times the chief executive officer of Sweet Reason, and is currently President of CANN.

8. Upon information and belief, Socali is a corporation incorporated under the laws of Delaware with its principal place of business at 20 Jay St., Brooklyn, New York, and does business under the name "CANN". CANN produces cannabis beverages, and in September 2022 publicly announced that it had acquired Sweet Reason.

9. Upon information and belief, CBC is a corporation incorporated under the laws of Delaware with its principal place of business at 20 Jay St., Brooklyn, New York. CBC is the parent company of CANN.

## JURISDICTION AND VENUE

10. This is a civil action seeking damages and injunctive relief under the U.S. Copyright Act, 17 U.S.C. §101, et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants because (a) CANN and CBC have their principal place of business in Brookly, New York, are registered to do business in New York, and sell their products to customers in New York; (b) Sweet Reason was acquired by CANN and/or sold its intellectual property assets to CANN/CBC, and during relevant time periods sold its products primarily in New York and two other states; and (c) McCain as a senior executive at both Sweet Reason and CANN upon information and belief directed the infringing activity at issue.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because this District has personal jurisdiction over Defendants and a substantial part of the events or omissions giving rise to the claim occurred in this District, and also pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this District.

**FACTS COMMON TO ALL CLAIMS**

13. In September 2020, Sweet Reason's creative agency Juliet, approached Anukriti Goswami about creating a series of photographs for Sweet Reason's use on social media.

14. Juliet's Chief Operating Officer then wrote to Ms. Goswami, expressing his concern over the low budget being quoted, and said:

> *"So we're doing a little shoot for sweet reason – it's a cbd drink out of the states – Nice looking bottle, etc, etc.  https://drinksweetreason.com*
> *Here's the rub. They only have around 10k.*
> *And they're looking for this.*
> *We discussed ~7 per SKu (there are 3 SKUS)  = 21 shots total.*
> *1 - bottle only (on white?) (standard product shot for site)*
> *1 - bottle with ingredients (similar to what you've done – product shot in situ with say a grapefruit beside it, for example)*
> *4-5 - lifestyle with product   More the world below.*
> *Tell me if that makes you want to barf or if you're interested.  Pretty much everything makes me want to barf so we respect your choice. Lol."*

15. At the time, Ms. Goswami had just completed a photography shoot for a major corporation and one of Canada's top advertising agencies for a $25,000 budget, producing five photographs for a one-day shoot.  Nevertheless, Ms. Goswami agreed to take the Sweet Reason assignment because Juliet was a new, up-and-coming agency and Ms. Goswami was interested in establishing a relationship with that agency.

16. Ms. Goswami performed the work for Sweet Reason in September 2020, and produced a number of photographs, from which Sweet Reason selected 21 photographs to license. *See* **Exhibit A** (the "Photographs").

17. At all times, she reserved copyright ownership in the photographic works being created for Sweet Reason, and licensed them for use on an exclusive but limited basis, for use on social media only, for a period of 12 months only, after which the images were required be archived

4

unless Sweet Reason paid for additional usage. These terms were confirmed in a writing dated September 25, 2020:

> *Notes / Terms*
>
> *Number of Images: 21 images Usage & Duration: Social usage only, 12 months then archive. Region: North America Any additional usage requires an additional rate.*

18. All 21 photographs are registered in Ms. Goswami's name, as author, with the U.S. Copyright Office. *See* **Exhibit B** hereto (Registration No. VA0002376989).

19. On September 2022, CANN announced publicly that it had acquired Sweet Reason. At the time, one of CANN's co-founders stated that "the company intends to position Sweet Reason as a functional non-alcoholic adult beverage that can scale in mainstream retail channels and is exploring removing CBD from the formulation in order to avoid regulatory hurdles," and that "we are most interested in taking what Hilary [McCain] has built, and applying it to new spaces." Further, he stated that "Cann is also considering creating a THC-infused drink under the Sweet Reason brand."

20. Upon information and belief, as a result of this acquisition, CANN and/or its parent, CBC, took ownership of the digital assets containing or comprising copies of the Photographs, and took ownership or control of the websites and social media accounts of Sweet Reason upon which the Photographs were being displayed.

21. In connection with the public announcement of the Sweet Reason acquisition, multiple news outlets used Ms. Goswami's Photographs in connection with news articles about the announcement.

22. On or about October 21, 2023, Ms. Goswami learned that despite Defendants' clear knowledge of the scope of the licensed rights, Defendants have been exploiting the Photographs

far in excess of the parties' licenses for years. Specifically, Defendants were using the Photographs far beyond the one-year term that ended on September 25, 2021, and outside of Sweet Reason's social media channels.

23. In particular, Ms. Goswami discovered that her Photographs were being used on Sweet Reason's social media accounts after expiration of the parties' license. These use were not limited to posts created prior to the expiration of the license that were not removed after September 25, 2021 as required by the terms of the license, but included brand new uses of the Photographs on posts made after September 25, 2021.

24. Additionally, Ms. Goswami's Photographs were used not just in specific posts on Sweet Reason's social media accounts, but in some cases as the landing page image for those accounts. Ms. Goswami has further discovered that those accounts were updated after September 2022 to redirect to CANN's website, such that her Photographs have been used to drive online traffic directly to CANN.

25. Ms. Goswami also discovered that the Photographs were used on the Sweet Reason website itself, including on product pages in connection with sales of Sweet Reason products.

26. In short, Ms. Goswami discovered that although her Photographs were provided only subject to a limited-use license, Sweet Reason and its successors have exploited the Photographs as if they owned them for all purposes, and used them to both build their brands and sell products.

27. As soon as Ms. Goswami learned of the uses in excess of the licenses, she put Sweet Reason on written notice of the infringements. Her communications were ignored.

28. Upon information and belief, at the time of some or all of the infringements, McCain was the dominant actor at Sweet Reason and/or CANN, and personally directed or

authorized the infringing exploitation of the Photographs in excess of the license, and stood to gain financially from such unlicensed use of the Photographs.

29. Upon information and belief, at various times, CANN and CBC either directly exploited the Photographs in excess of the license, or controlled the activities of Sweet Reason when it exploited the Photographs in excess of the license.

## **FIRST COUNT**
## **Copyright Infringement by Against All Defendants**

30. Ms. Goswami repeats and realleges the allegations contained in paragraphs 1 through 29 above as if fully set forth at length herein.

31. Anukriti Goswami is currently and at all relevant times has been the owner of all right, title and interest in and to the copyrights in and to the Photographs, all of which are original works she authored. Under 17 U.S.C. § 106, Anukriti Goswami holds the exclusive rights to reproduce the Photographs, to distribute copies of those works to the public, to publicly display those works, and to make, or authorize third parties to make, derivative works based on those works.

32. Ms. Goswami deposited and registered relevant Photographs with the United States Copyright Office and has received from the Register of Copyrights a Certificate of Registration for the Photographs. *See* **Exhibit A**. Ms. Goswami has never authorized Defendants to reproduce, distribute, display, or create derivative works of the Photographs, except in accordance with the limited license agreement described hereinabove, which license has now expired.

33. By continuing to exploit the Photographs, in excess of the license, the terms of which Defendants clearly understood, Defendants have engaged in willful copyright infringement, which is ongoing.

34. As a direct and proximate result of Defendants' copyright infringement, Ms. Goswami has suffered and will continue to suffer severe injury and damage, some of which cannot be reasonably and adequately measured or compensated in monetary damages.

35. Ms. Goswami is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the Copyright Act.

36. Ms. Goswami is further entitled to recover from Defendants the damages, including attorneys' fees, she has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement as alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained, but will be established according to proof at trial. Ms. Goswami is also entitled to elect to recover, in the alternative, statutory damages for Defendants' willful infringement of any of the Photographs where infringing use of such photographs commenced after registration; Ms. Goswami thus reserves the right to elect statutory damages as to certain of the Photographs, as appropriate.

## SECOND COUNT
## Vicarious Copyright Infringement Against CANN and CBC

37. Ms. Goswami repeats and realleges the allegations contained in paragraphs 1 through 36 above as if fully set forth at length herein.

38. Sweet Reason has committed direct copyright infringement by the unauthorized use of the Photographs, beyond the scope of its license, after the acquisition of Sweet Reason by CANN and/or CBC.

39. Upon information and belief, CANN and CBC were aware that Sweet Reason's use of the Photographs was beyond the scope of the license and thus constituted copyright infringement.

40. Through its ownership of digital assets containing or comprising copies of the Photographs, CANN and/or CBC controlled the means of infringement and obtained direct financial benefit from Sweet Reason's infringement, including the direction of Internet traffic to CANN's website.

41. CANN and/or CBC materially contributed to the infringing activities by providing the Photographs for the use outside the scope of the license.

42. As a direct and proximate result of CANN's and CBC's vicarious copyright infringement, Ms. Goswami has suffered and will continue to suffer severe injury and damage, some of which cannot be reasonably and adequately measured or compensated by monetary damages.

43. Ms. Goswami is entitled to an injunction restraining Defendants CANN and CBC, their agents and employees, and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the Copyright Act.

44. Ms. Goswami is further entitled to recover from CANN and CBC the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by CANN and CBC as a result of their acts of vicarious infringement as alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Ms. Goswami, but will be established according to proof at trial. Ms. Goswami is also entitled to elect to recover, in the alternative, statutory damages for CANN and CBC's willful vicarious infringement of any of the Photographs where infringing use of such photographs commenced after registration; Ms. Goswami thus reserves the right to elect statutory damages as to certain of the Photographs, as appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff and against Defendants as follows:

1. Pursuant to 17 U.S.C. § 502, enjoining Defendants and their agents, servants, and employees and all those in active concert or participation with them, from the unauthorized distribution, reproduction, display or the creation of derivative works from the Photographs;

2. Pursuant to 17 U.S.C. § 503, ordering the destruction or other reasonable disposition of all copies found to have been made or used in violation of Plaintiff's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced;

3. Awarding Plaintiff her actual damages, or if applicable and so-elected, statutory damages, in an amount to be determined;

4. Awarding Plaintiff her costs of prosecuting this action, including, as appropriate, reasonable attorneys' fees, pursuant to 17 U.S.C § 505;

5. Awarding Plaintiff prejudgment interest at the highest legal rate allowed under law;

6. Awarding Plaintiff such other and further relief as this Court deems just, proper and equitable.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial on all the issues so triable. This request is without prejudice to, or waiver of, Plaintiff's right to move for judgment on all issues that may be decided by the Court.

Respectfully submitted,

_____
Klaris Law PLLC
Lacy H. ("Lance") Koonce, III
430 West 14th Street
New York, NY 10014
(917) 612-5861
lance.koonce@klarislaw.com

*Attorneys for plaintiff Anukriti Goswami*