LACY H. ("Lance") KOONCE, III
MARIELLA ANTOINETTE SALAZAR
**KLARIS LAW**
161 Water Street, Suite 904
New York, NY 10038
Telephone:(917) 612-5861
Email:      lance.koonce@klarislaw.com

Attorneys for Plaintiff
ANUKRITI GOSWAMI

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANUKRITI GOSWAMI,<br><br>Plaintiff,<br><br>v.<br><br>SWEET REASON US CO., HILARY MCCAIN, SOCALI MANUFACTURING, INC., AND THE CANN + BOTL COMPANY,<br><br>Defendants. | Case No. 24-cv-948-MWH<br><br>**OPPOSITION TO SOCALI MANUFACTURING INC. AND THE CANN + BOTL COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………..2,3

INTRODUCTION ……………………………………………………….4

ARGUMENT ……………………………………………………………5

    A. Legal Standard……………………………………………………5

    B. There is no basis for limiting Plaintiff's eligibility to recover statutory damages under 17 U.S.C. § 504 and reasonable attorney's fees under 17 U.S.C. § 505 …………………….…6

CONCLUSION………………………………………………………….10

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007) ......................................................................9

*Arenas v. Lightstone Grp., LLC*, No. 19-CV-04135 (BMC), 2020 WL 5043903 (E.D.N.Y. Aug. 26, 2020) ..................................................................................7, 8

*Arista Records, Inc., et al. v. MP3Board, Inc.*, No. 00 CIV. 4660 (SHS), 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002) ................................................................6

*Ashcroft v. Iqbal*, 556 U.S 662 (2009) ....................................................................................5

*Bell Atlantic Corporation. v. Twombly*, 550 U.S. 544 (2007). ................................................5

*Cheever v. Huawei USA, Inc.*, No. 18-cv-06715-JST (N.D. Cal. May 21, 2019)….9

*Crytek GmbH v. Cloud Imperium Games Corp.*, 2018 WL 4854652 (C.D. Cal. Aug. 14, 2018) ..................................................................................................9

*DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333 (S.D.N.Y. 2009) ...........................6

*Fischer v. Forrest*, 968 F. 3d 216 (2d Cir. 2020) ..............................................................7, 8

*Harper v. New York City Housing Authority*, 673 F. Supp. 2d 174 (S.D.N.Y. 2009) ..............................................................................................................................6

*Johnson v. Triad Design Group*, 2012 WL 2573070 (W.D. N.C. July 3, 2012)…...8

*Niantic, Inc. v. Global++*, 2020 WL 8620002 (N.D. Cal. Sept. 2, 2020) …...........9

*Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019) ................................5, 9

*Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425 (S.D.N.Y. 2012)...........................5

*Streit v. Bushnell*, 424 F.Supp.2d 633 (S.D.N.Y. 2006)……………………......8, 9

*Sullivan v. Flora, Inc.*, 936 F.3d 562 (7th Cir. 2019). .........................................6

**Statutes**

17 U.S.C. § 412 .................................................................................................... 5, 6, 7, 8

17 U.S.C. §504 ..................................................................................................... 4, 5, 6, 9

17 U.S.C. §505 ..................................................................................................... 4, 5, 6, 9

## I. INTRODUCTION

Defendants Social Manufacturing Inc. and the Cann + Botl Company (the "Defendants") bring before this Court a partial motion to dismiss directed towards a single alternative remedy – statutory damages – that Plaintiff Anukriti Goswami is entitled to elect at any time prior to final judgment in this Action, and towards Plaintiff's contingent request for attorneys fees. Not only does Defendants' premature partial motion lack merit, bringing such a motion represents a needless waste of resources of both the Court and the parties.

Defendants argue that because it is unclear exactly when Defendants commenced each of their infringing acts, statutory damages under 17 U.S.C. § 504 and reasonable attorney's fees under 17 U.S.C. § 505 *may* not be available to Plaintiff, because all of the infringements *may* have commenced prior to the registrations of Plaintiff's copyrights. Plaintiff does not disagree that if fact discovery ultimately shows that no infringements commenced after registration, she will not be able to elect statutory damages or recover attorneys fees. Indeed, in the Complaint (ECF No. 1), Plaintiff expressly pleads her entitlement to "elect to recover, in the alternative, statutory damages […] where infringing use of such photographs commenced **after** registration" (¶ 9).

What Plaintiff does know at present, and has adequately pled in the Complaint, is that many of the infringements remain extant as of today, and thus some may well have commenced sometime after registration. Precise information on the timing of Defendants' usage, however, is uniquely within the possession of Defendants at this juncture. Plaintiff's pleading allows for (and is permitted under the law to reflect) this uncertainty, which assuredly will be resolved in fact discovery. Further, Defendants are in no way prejudiced by remedies that Plaintiff cannot (and will not) seek to assert if the facts demonstrate that no infringement commenced after registration.

Defendants' motion lacks merit not only due to its misconstruction of Plaintiff's pleading and of Plaintiff's arguments, but also because Defendants misunderstand pertinent law regarding a well-pleaded complaint, and ignore on-point precedent regarding pleading statutory damages and attorneys fees in copyright cases. The well-pled allegations of the Complaint support Plaintiff's request for (i) actual damages reasonably related to their infringing conduct; (ii) statutory damages, if applicable and at Plaintiff's election pursuant to 17 U.S.C § 504; and (iii) reasonable attorneys' fees pursuant to 17 U.S.C § 505, if any infringements commenced after registration. Plaintiff is not obligated to anticipate or plead around affirmative defenses such as 17 U.S.C. § 412. Limiting Plaintiff's damages at the motion to dismiss stage would unfairly deprive Plaintiff the opportunity to prove her entitlement to statutory damages and reasonable attorneys' fees after discovery.

For the reasons discussed in more detail below, Defendants' motion to dismiss should therefore be denied.

**II.  ARGUMENT**

**A. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6) and to satisfy Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) citing *Iqbal*, 556 U.S. at 678.

"Neither *Twombly* nor *Iqbal* requires a plaintiff in a copyright infringement action to plead specific evidence or extra facts beyond what is needed to make the claim plausible." *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440 (S.D.N.Y.

2012) (internal quotation marks omitted). Courts "must deny a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him to relief". *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 342 (S.D.N.Y. 2009) (alteration in original) (internal quotation marks omitted). When deciding a motion to dismiss, the Court must accept all of the plaintiff's allegations as true and make all inferences in favor of the plaintiff. *Harper v. New York City Housing Authority*, 673 F. Supp. 2d 174, 178 (S.D.N.Y. 2009).

## B. There is no basis for limiting Plaintiff's eligibility to recover statutory damages (17 U.S.C. § 504) and reasonable attorney's fees (17 U.S.C. § 505) at this stage in the litigation.

Under the Copyright Act, at any time before final judgment, the owner of an infringed copyright may elect statutory damages in lieu of actual damages and defendant's profits. 17 U.S.C. § 504; *see also Arista Records, Inc., et al. v. MP3Board, Inc.*, No. 00 CIV. 4660 (SHS), 2002 WL 1997918, at *13 (S.D.N.Y. Aug. 29, 2002) ("The Copyright Act permits a copyright owner to elect to recover an award of statutory damages simply upon a showing of infringement."). In addition, the prevailing party may seek recovery of its full costs, including reasonable attorney's fees (17 U.S.C. § 505).

The Act also provides that "no award of statutory damages or of attorney's fees […] shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration; or any infringement of copyright commenced after first publication of the work and before the effective date of registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Section 412 "operates akin to an affirmative defense." *Sullivan v. Flora, Inc.*, 936 F.3d 562, 573 (7th Cir. 2019).

Defendants contend that Plaintiff's requests for attorney's fees and statutory damages should be dismissed pursuant to 17 U.S.C. § 412 because, they say, the "alleged copyright infringement by Defendants [occurred] prior to Plaintiff's registration for copyright of the works allegedly infringed." (MTD at 3). In support, Defendants cite *Fischer v. Forrest*, 968 F. 3d 216, 220-222 (2d Cir. 2020) and *Arenas v. Lightstone Grp., LLC*, No. 19-CV-04135 (BMC), 2020 WL 5043903, at *3 (E.D.N.Y. Aug. 26, 2020), cases which they contend require Plaintiff to affirmatively "plead" in its complaint that infringement "commenced *after* the effective date of registration" or "*before*[1] registration [where] registration was made within three months after first publication of the work" (MTD at 3).

Defendants are wrong on both counts. First, while it is clear that, as set forth in the Complaint, some infringing acts by Defendants occurred prior to Plaintiff's registration, it is not clear when all infringing acts commenced, and some may well have commenced after registration, in which case statutory damages and attorneys fees would be available for such infringements.[2] The Complaint plainly alleges that "Ms. Goswami's Photographs were used not just in specific posts on Sweet Reason's social media accounts, but in some cases as the landing page image for those accounts. Ms. Goswami has further discovered that those accounts were updated after September 2022 to redirect to CANN's website, such that her Photographs have been used to drive online traffic directly to CANN." (Complaint ¶ 24.) Defendants are solely in control of the records of their own use of Plaintiff's photographs, and should not be permitted to hide behind an argument that because Plaintiff is not yet

---

[1] Defendants in their Motion to Dismiss mistakenly state that 17 U.S.C. § 412(2) requires infringement commence "after" registration. In citing to their brief, as a courtesy we have corrected the mistake in line with the language of the statute.

[2] For that matter, Plaintiff does not yet know the full extent of Defendants' infringing acts. As in most copyright infringement cases, Plaintiff is aware of a significant number of uses of her copyrighted works that she has been able to identify through her own investigation, but Defendants' records will be the best source for determining exactly how many infringing uses have occurred, where they occurred, and when they occurred.

aware of all of the dates when all infringements commenced herself, she can never elect statutory damages as a remedy.

Second, neither *Arenas* nor *Fischer* even remotely support the proposition advanced by Defendants. In *Arenas*, on appeal after summary judgment, the Second Circuit held that *on the facts as developed during discovery*, infringement did not commence after registration and thus Section 412 barred recovery of statutory damages and attorneys fees. In *Fischer,* the district court found on a motion for leave to amend the complaint that there was a date certain upon which the alleged infringement commenced, and held that it would thus be futile to allow plaintiff to amend to add a claim for statutory damages. Neither case even suggest that where a party has properly pled statutory damages and attorneys fees only to the extent those types of relief flow from infringements commencing after the date of registration, and where some of the dates of infringement remain uncertain, that such pleas for relief must be dismissed before fact discovery.

Moreover, Defendants fail to cite other cases that are directly on point. For example, in *Johnson v. Triad Design Group*, 2012 WL 2573070 (W.D. N.C. July 3, 2012), the court cited this Court in holding:

> The Defendants move to dismiss only the Plaintiff's claims for attorneys' fees and statutory damages on the grounds that any copyright infringement that occurred commenced prior to the registration of the copyright. In the absence of any discovery as to when the alleged copyright infringement occurred and, particularly, when such infringing acts "commenced," the Court finds the Defendants' Motions to be premature. *See Streit v. Bushnell*, 424 F.Supp.2d 633, 643 (S.D.N.Y. 2006). Accordingly, the Court denies the Defendants' Partial Motions to Dismiss. The Defendants may renew their motions upon the close of discovery in this case.

In *Streit v. Bushnell*, the case cited by the North Carolina court, this Court rejected a motion to dismiss in a copyright case where the motion was directed "only to the period within which Streit may properly claim monetary damages and the type of such damages and fees he may recover." The *Streit* court found that "[a]bsent any

discovery establishing what copyright infringements may have occurred and when such wrongs may have been committed, the Court finds Bushnell's motion premature on the factual record before the Court. Accordingly, the Court denies Bushnell's partial motion to dismiss Streit's copyright infringement action."

Here, even as to Defendants' online posts of Plaintiffs' copyrighted content that occurred prior to registration, Defendants may have taken further actions after registration that would create new, independent infringements for the purposes of statutory damages. *See Niantic, Inc. v. Global++*, 2020 WL 8620002 (N.D. Cal. Sept. 2, 2020) ("The FAC does not explicitly allege that this series of infringements stretched past the registration date or that the pre- and post-registration infringements are anything other than a series of ongoing infringements. 'Nonetheless, the Court is not prepared to preclude recovery of statutory damages as a matter of law before the parties engage in discovery on [Niantic's] copyright infringement allegations.'") (*quoting Cheever v. Huawei USA, Inc.*, No. 18-cv-06715-JST (N.D. Cal. May 21, 2019)); *see also Crytek GmbH v. Cloud Imperium Games Corp.,* 2018 WL 4854652, at *13-14 (C.D. Cal. Aug. 14, 2018) ("The Court is not prepared to grant the MTD and preclude recovery of statutory damages as a matter of law before the parties engage in discovery on the copyright infringement allegations. . . .").

Additionally, it is well-established that the federal pleading requirements "do not compel a litigant to anticipate potential affirmative defenses, or to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Thus, contrary to Defendants' proposition, Plaintiff is not required to plead any allegations regarding commencement of infringement or publication in order to be entitled to elect relief and seek costs under 17 U.S.C. § 504 and 17 U.S.C. § 505. And on a motion to dismiss, there only needs to be a "plausibility" rather than a "probability" that an infringement occurred after registration. *Palin* 940 F.3d 804 at 810. At this early stage, a decision to bar statutory damages and attorneys' fees

would be premised on an impermissible prejudgment that every infringement commenced prior to registration.

Finally, there can be no prejudice here to Defendants if the pleas for relief relating to statutory damages and attorneys fees are allowed to stand, because Plaintiff will not be able to seek such relief if the facts in discovery do not show post-registration infringement. And Plaintiff will in any event be seeking fact discovery with respect to the factual details regarding each infringing use of her copyrighted works, which will necessarily include the dates of use and duration of such usage. Thus even if this Court were to dismiss these pleas for relief now on the instant motion, if Plaintiff then learns in discovery about infringements that commenced after registration, she would seek permission to amend to add pleas for relief for statutory damages and attorneys fees at that time. Given that allowing those pleas for relief to remain in the operative pleading effects no prejudice in the first instance, dismissal and then repleading of the same pleas later would be inefficient and illogical.

### III. CONCLUSION

This Court should therefore deny Defendants' motion for the reasons set out above.

Dated: May 16, 2024

Respectfully submitted,

/s/ Lacy H. Koonce, IIII
Lacy H. Koonce, IIII
Mariella Antoinette Salazar
KLARIS LAW PLLC
161 Water Street, Suite 904
New York, NY 10038
Telephone: (917) 612-5861
Email:
lance.koonce@klarislaw.com
*Attorneys for Plaintiff Anukriti Goswami*