# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANUKRITI GOSWAMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:24-cv-948-MMH |
| v. | ) |
| | ) Defendants Sweet Reason US Co. and Hilary |
| SWEET REASON US CO., HILARY | ) McCain's Memorandum in Support of Motion |
| MCCAIN, SOCALI MANUFACTURING, | ) to Dismiss Plaintiff's Complaint |
| INC., AND THE CANN + BOTL | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | |

## INTRODUCTION

Plaintiff Anukriti Goswami's ("Plaintiff") Complaint against Defendants Sweet Reason US Co. ("Sweet Reason") and Hilary McCain ("McCain") (collectively, "Defendants") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a plausible claim for relief.

Plaintiff has failed to plead facts sufficient to support her claims for statutory damages and attorney's fees. The Complaint, taken as true for the purposes of a motion under Fed. R. Civ. P. 12(b)(6), alleges copyright infringement which occurred approximately two years *before* Plaintiff's registration of her copyrights in the subject photographs. On those allegations, the Complaint pleads for statutory damages and attorney's fees. However, pursuant to 17 U.S.C. § 412, statutory damages and attorney's fees are not available for infringements commenced before registration of the subject copyrights. Thus, Plaintiff's claims for statutory damages and attorney's fees must be dismissed.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain

1

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor." *Rosa v. Abbott Labs.*, No. 22-CV-5435 (RER) (JRC), 2024 U.S. Dist. LEXIS 83228, at *11 (E.D.N.Y. May 7, 2024) (quotations and citations omitted).

## ARGUMENT

### I. 17 U.S.C. § 412 Bars Plaintiff's Claims for Attorney's Fees and Statutory Damages.

Plaintiff's claims for statutory damages and attorney's fees under the copyright act must be dismissed because the Complaint fails to plead plausible facts showing infringement commencing post-registration of the copyrights in the alleged photographs. Plaintiff's Complaint (Dkt. 1) purports to plead a single count against Defendants Sweet Reason and McCain for Copyright Infringement (Count 1).

The Complaint, in relevant part, alleges Plaintiff "is a professional photographer" who, "in September 2020 ... produced a number of photographs" for defendant Sweet Reason. Compl. ¶ 16. Plaintiff "licensed" the photographs on a "limited basis, for use on social media only, for a period of 12 months only." Compl. ¶ 17. "[SOCALI or] CANN … took ownership of the digital assets containing or comprising copies of the Photographs and took ownership or control of the websites and social media accounts of Sweet Reason upon which the Photographs were being displayed." Compl. ¶¶ 19-20.

Plaintiff alleges that certain news outlets used or copied the photographs on or about

September 2022 and that Sweet Reason's "social media accounts" were "updated after September 2022 to redirect to CANN's website…" Compl. ¶ 24. Plaintiff alleges that she learned about the purported infringement over a year later, on or about Oct. 21, 2023. Compl. ¶ 22. About 2 months after that, Plaintiff registered her copyrights according to the certificate attached as Ex. B to the Complaint, with an "Effective Date of Registration" of "January 2, 2024." Dkt. 1-2. In summary, the Complaint alleges copyright infringement by Defendants *prior to* Plaintiff's registration for copyright of the works allegedly infringed. Then, based on these allegations, the Complaint seeks, *inter alia,* awards of both "statutory damages" and "attorneys fees." *See, e.g.* Compl. ¶¶ 4, 36, 44, and *Prayer for Relief* ¶ 3 ("Awarding Plaintiff … if applicable and so-elected, statutory damages.").

      17 U.S.C. § 412 provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration; or any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Said differently, to support a claim for attorney's fees, a complaint for copyright infringement must either (1) plead that the infringement "commenced" *after* the effective date of registration, or (2) plead that the infringement commenced *after* registration, but that registration was made within three months after first publication of the work. New York Courts have similarly interpreted § 412. *See Arenas v Lightstone Group, LLC*, 19-CV-04135 (BMC), 2020 WL 5043903, at *2 (E.D.N.Y. Aug. 26, 2020) (holding § 412 bars plaintiff's claims for attorney's fees because defendants' alleged infringements occurred before plaintiff's registrations); *see also Fischer v Forrest*, 968 F3d 216, 220-222 (2d Cir. 2020) (holding that

because "§ 412 precludes statutory damages or attorneys' fees for 'any infringement of copyright in an unpublished work commenced before the effective date of its registration' or 'any infringement of copyright commenced after first publication of the work and before the effective date of its registration,'" plaintiff could not seek statutory damages as "the first allegedly infringing act occurred before the date of the copyright registration"). Here, the Complaint contains no allegations regarding publication whatsoever – indeed, the words "publication" or "published" do not appear in the Complaint. And, the Complaint clearly pleads that the work was registered *after* the alleged infringement commenced.

Thus, pursuant to 17 U.S.C. § 412, Plaintiff's claims for statutory damages under 17 U.S.C. § 504, and attorney's fees under 17 U.S.C. § 505, must be dismissed.

## II.     Conclusion

For the reasons discussed herein, Plaintiff's claims against Sweet Reason and Hilary McCain must be dismissed.

Respectfully submitted,

Date: May 21, 2024

/s/ Walter B. Welsh
Walter B Welsh, ct27210
Welsh IP Law LLC
PO Box 1267
Darien, CT 06820
Tel: 203-321-6303
Email: walter@welshiplaw.com
      litigation@welshiplaw.com

Ryan Kaiser
(to file *pro hac vice* motion)
Manon Burns
(to file *pro hac vice* motion)
Amin Wasserman Gurnani, LLP
549 W Randolph Street, Suite 400
Chicago, IL 60661
Tel: 312.466.1033
Fax: 312.884.7352
Email: rkaiser@awglaw.com
      mburns@awglaw.com

*Attorneys for Defendants Sweet Reason US Co. and Hilary McCain*

**CERTIFICATE OF SERVICE**

       This is to certify that on this 21st day of May, 2024, a true and correct copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


May 21, 2024                        */s/* Walter B. Welsh