UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANUKRITI GOSWAMI,

                     Plaintiff,             **SUMMARY ORDER**
     -against-                                    24-cv-948 (DLI) (MMH)

SWEET REASON US CO., HILARY MCCAIN,
SOCALI MANUFACTURING INC, and THE
CANN + BOTL COMPANY,

                     Defendants.
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      On February 7, 2024, Plaintiff Anukriti Goswami ("Plaintiff") initiated this suit against Sweet Reason US Co. ("Sweet Reason"), Hilary McCain ("McCain"), SOCALI Manufacturing Inc. ("SOCALI"), and The Cann + Botl Company ("Cann") (collectively, "Defendants"), alleging that Defendants infringed her copyright by using her photographs without her authorization. Compl., Dkt. Entry No. 1. Plaintiff seeks an injunction, actual damages, profits, attorneys' fees, and, in the alternative, statutory damages. *Id.* at 10.

      SOCALI and Cann moved to dismiss the claims for statutory damages and attorneys' fees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). Defendants argue that the Complaint failed to plead infringement after the copyright was registered, which is a condition precedent to recovery of statutory damages and attorneys' fees pursuant to Section 412 of the Copyright Act of 1976, 17 U.S.C. § 412 (the "Copyright Act"). *See*, Defs.'s Mot., Dkt. Entry No. 21 (Cann's Mot.), at 1. Sweet Reason and McCain also filed a nearly identical motion to dismiss. Def's, Mot., Dkt. Entry No. 30 ("Sweet Reason's Mot."), at 2-4.

Plaintiff opposed both motions. *See*, Pl.'s Opp'n to Cann's Mot., Dkt. Entry No. 25 ("Opp'n");[1] Pl.'s Opp'n to Sweet Reason's Mot., Dkt. Entry No. 33. SOCALI and Cann replied to Plaintiff's first opposition. *See*, Cann's Reply, Dkt. Entry No. 35. For the reasons set forth below, both motions to dismiss are granted.

Plaintiff is a professional photographer and the owner of Anukriti Creatives, Inc., which licenses Plaintiff's rights over her photographs. Compl. ¶ 5. In September 2020, Sweet Reason, a producer of hemp-infused sparkling beverages, hired Plaintiff to photograph its products. *Id.* ¶¶ 13-15. Plaintiff completed the photo shoot and Sweet Reason selected twenty-one (21) photographs to license. *Id.* ¶ 16. The parties agreed to written terms stipulating that Sweet Reason could use the images on its social media channels for a 12-month period ending on September 25, 2021 (the "licensing agreement"). *Id.* ¶ 17. After the license expired, Sweet Reason could pay for additional usage. *Id.*

In September 2022, SOCALI, a producer of cannabis beverages owned by Cann, acquired Sweet Reason, taking ownership over its digital assets including Plaintiff's photographs. *Id.* ¶¶ 8, 20. McCain was Sweet Reason's Chief Executive Officer when Plaintiff was hired and is Cann's President. Compl. ¶ 7. Plaintiff alleges that Defendants not only failed to remove posts containing her photographs after their license expired, but also continued to use her photographs in new ways, including in new social media posts, as a landing page image, and on Sweet Reason's website, all in violation of the licensing agreement. *Id.* ¶¶ 23-25, 33. According to the Complaint, these violations remain "ongoing." *Id.* ¶ 33. On January 2, 2024, Plaintiff registered her twenty-one photographs with the Copyright Office. *Id.* Ex. B.

---

[1] Henceforth, the Court refers only to Plaintiff's opposition to Cann's motion to dismiss, and not its opposition to Sweet Reason's motion to dismiss, because its opposition to Sweet Reason's motion simply "adopts and restates" arguments made in the previous opposition. See, Pl.'s Opp'n to Sweet Reason's Mot., Dkt. Entry No. 33, at 2.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). The court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate claims subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See, Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## **ANALYSIS**

Pursuant to the Copyright Act, plaintiffs may seek to recover actual damages, infringer's profits, statutory damages, and attorneys' fees and costs. 17 U.S.C. §§ 504(a), 504(c), 505. However, Section 412 of the Copyright Act "imposes a bright-line rule that precludes recovery of statutory damages and attorneys' fees where the first act of infringement . . . occurred prior to the work's copyright registration," even if that infringement remains "ongoing" after registration. *Fischer v. Forrest*, 286 F. Supp.3d 590, 602 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020)

(citation omitted); *See also, Knitwaves, Inc. v. Lollytogs Ltd*., 71 F.3d 996, 1012 (2d Cir. 1995) (confirming Section 412 precludes an award of statutory damages and attorneys' fees "for any act of infringement commenced prior to the effective date of registration of the asserted copyright"); *May v. Sony Music Ent.*, 399 F. Supp.3d 169, 174 (S.D.N.Y. 2019) (dismissing claims for statutory damages and attorneys' fees for alleged infringement commencing before registration); *Argentto Sys., Inc. v. Subin Assocs., LLP*, 2011 WL 2534896, at *2 (S.D.N.Y. June 24, 2011) (citing *Ez-Tixz, Inc. v. Hit-Tix, Inc*., 919 F. Supp. 728, 736 (S.D.N.Y. 1996)) (same).

Here, Defendants argue that Plaintiff failed to plead facts sufficient to support claims for statutory damages and attorneys' fees because she alleged that the infringement of her copyrighted work commenced before its registration. Cann's Mot., at 1; Sweet Reason's Mot, at 1. Plaintiff counters that dismissal is premature because it is "unclear exactly when Defendants commenced each of their infringing acts . . . many of [which] remain extant as of today." Opp'n at 4.

Section 504(c) of the Copyright Act provides that, before final judgment is rendered, a plaintiff may elect to recover "statutory damages for all infringements involved in the action, *with respect to any one work*." 17 U.S.C. § 504(c) (emphasis added). Accordingly, the Court must assess whether Plaintiff holds a copyright to twenty-one (21) individual "work[s]" or to a single "work" comprised of twenty-one (21) photographs before determining when infringement began.

"A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. Multiple creations "in a compilation authorized by the [plaintiff]" and issued as a single unit constitutes one "work." *Bryant v. Media Right Productions, Inc*., 603 F.3d 135, 140-41 (2d Cir. 2010) (holding that

4

musicians who created and produced two albums compiling their own songs held copyrights over two "compilations" and, thus, two "works").

In the instant matter, Plaintiff shot, produced, and compiled twenty-one (21) photographs such that the final set of photographs constituted a "compilation." Plaintiff then issued that compilation to Defendants as a single unit for Defendants' authorized use in accordance with the licensing agreement. Therefore, the Court finds that Plaintiff has a copyright over a single work.

Plaintiff alleges that Defendants' infringement of that work commenced as early as the day after the licensing agreement expired in September 2021. *See* Compl. ¶ 23 ("Ms. Goswami discovered that her Photographs were being used on Sweet Reason's social media accounts after expiration of the parties' licenses . . . [and] were not removed after September 25, 2021[,] as required by the terms of the license."). However, Plaintiff did not register her work until January 2024. Compl., Ex. B. As stated above, if infringement of a work commences before its registration, statutory damages and attorneys' fees are not available remedies. *Supra* at 2-3. Thus, because Plaintiff alleges that Defendants' infringement commenced well before registration, she is precluded from recovering statutory damages and attorneys' fees and her claims for those remedies must be dismissed.

## CONCLUSION

For the reasons stated above, Defendants' partial motions to dismiss the claims for statutory damages and attorneys' fees only are granted.

SO ORDERED.

Dated: Brooklyn, New York
       March 25, 2025

/s/
_____
DORA L. IRIZARRY
United States District Judge

5